UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RAUL ROMO JR., <br> Petitioner, <br><br> v. <br><br> OFFICER FNU LINDBERG, OFFICER FNU PARTIDA, CAPTAIN FNU DAVIS, CAPTAIN FNU CLARK, MAJOR FNU COOPER, ASSISTANT WARDEN JOHN CIRONE, DOCTOR JOHN C. KEY, GRIEVANCE INVESTIGATOR FNU LIPSY, and GRIEVANCE INVESTIGATOR FNU ROSS, <br> Respondents. | EP-20-CV-160-FM |

## MEMORANDUM OPINION AND ORDER

Raul Romo Jr., Texas prisoner number 02095819, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1-2. Because it plainly appears from his pleadings and the record that he is not entitled to relief, the Court will deny his petition. 28 U.S.C. foll. § 2254 Rule 4. The Court will additionally deny him a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Romo claims he is serving a four-year sentence for driving while intoxicated imposed by the 384th Judicial District Court in El Paso in cause number 20160D01613. Pet'r's Pet. 2. *Id.* at 2. His sentence, according to the Texas Department of Criminal Justice, is fifteen years' imprisonment with a projected release date of April 3, 2031. *See* https://www.texastribune.org/library/data/texas-prisons/inmates/raul-romo-jr/1168374/ (last visited Sept. 9, 2020).

But Romo does not challenge his conviction or sentence in his petition. And he does not specify the relief he seeks. Instead, he complains about the conditions of his confinement at the

Wayne Scott Unit in Brazoria County. *Id.* at 6–7. Specifically, he complains about the inadequate medical care he received after he injured his back, his work assignments, and the lack of responses by prison officials to his grievances. *Id.* He asserts similar claims in cause number EP-20-CV-182-FM, which the Court transferred to the United States District Court for the Southern District of Texas because the claims arose during his incarceration at the Wayne Scott Unit, which is located in that District. *See Romo v. Linberg*, EP-20-CV-182-FM, Transfer Order, ECF No. 2.

Romo also challenges the disciplinary proceedings held when he failed to turn out for work after his back injury. *Id.* at 5, 7. He reports that, as a result of the disciplinary action, he lost 45 days of recreation, 45 days of commissary, and 45 days of phone privileges. *Id.* at 5. In addition, he notes that he received a change in custody status from S3 to L3. *Id.* He suggests that the proceedings violated his due process rights.

## APPLICABLE LAW

Federal law provides two distinct avenues for relief related to incarceration: a petition for writ of habeas corpus and a civil-rights action for equitable or monetary relief. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). "Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules,

customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

## ANALYSIS

### A. Conditions of Confinement

Romo first challenges the conditions of his confinement. Pet'r's Pet. 6–7. He complains about his medical care, his work assignments, and the lack of responses to his grievances. *Id.*

The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

If the Court resolves Romo's conditions-of-confinement claims in his favor, it will not result in his accelerated release from prison. Consequently, the Court finds that Romo's conditions-of-confinement claims are not cognizable under § 2254, and they must be dismissed for lack of subject-matter jurisdiction.

### B. Disciplinary Proceedings

Romo also suggests prison disciplinary proceedings—which resulted in his loss of 45 days of recreation, commissary, and phone privileges and a reduction in custody classification—violated his due process rights. *Id.* at 5, 7.

State prisoners may petition a federal district court for relief from a prison disciplinary proceeding under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). However,

"[f]ederal habeas relief cannot be had 'absent the allegation . . . that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted)). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); U.S. Const. amend. XIV, § 1.

"[D]isciplinary conviction-commissary and recreation restrictions-do not implicate a liberty interest under the Due Process Clause." *Payne v. Dretke*, 80 F. App'x 314, 315 (5th Cir. 2003). The loss of phone privileges does "not implicate due process concerns." *Anderson v. Davis*, 744 F. App'x 235, 236 (5th Cir. 2018), *opinion withdrawn and superseded on reh'g*, 768 F. App'x 262 (5th Cir. 2019). And a reduction in line class status does not implicate the Due Process Clause. *Malchi*, 211 F.3d 959.

As a result, Romo cannot met his burden of showing that he has been deprived of some right—in this case a liberty interest—secured to him by the United States Constitution or the laws of the United States. Indeed, the sanctions imposed on Romo—minor inconveniences really—have no impact on the fact or duration of his confinement and fail to raise a cognizable due-process claim. Therefore, he is not entitled to § 2254 relief.

## CERTIFICATE OF APPEALABILITY

"[T]he right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)." *Sack v. McDaniel*, 529 U.S. 473, 478 (2000). A COA

"may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Romo has not made a substantial showing of the denial of a constitutional right. Thus, reasonable jurists could not debate the denial of his § 2254 petition or find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Moreover, reasonable jurists would not debate whether the Court's procedural rulings are correct. The Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

For the reasons discussed above, the Court concludes that Romo is not entitled to § 2254 relief. Therefore, the Court enters the following orders:

**IT IS ORDERED** that Romo's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1-2) is **DENIED** and his cause is **DISMISED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Romo is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this ____15th____ day of September 2020.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**